Enrique González Ramos, etc., et al., Plaintiffs and Appellants, v. Antonio Joy y Joy et al., Defendants and Appellees.

No. 8633. Argued April 1, 1943.—Decided April 7, 1943.

*Buenaventura Esteves* for appellants.  *Héctor Reichard* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The instant case involves a dispute concerning the ownership of three farms. The complaint sets up two causes of action, one for the nullity of a dominion proceeding involving the three farms, and the other for revendication of the same farms. The plaintiffs alleged that "they are the only and universal heirs of the deceased Antonio Ramos Soto, and universal heirs of the deceased Antonio Ramos Soto, who died a widower in the Bartolo ward of Lares, P. R., on April 27, 1885; and as such heirs they are the owners of the following farms," describing the three farms in dispute. The defendants demurred on the ground that the complaint did not adduce facts sufficient to state a cause of action, and also filed a motion to strike from the complaint the clause "the plaintiffs are the only and universal heirs of the decedent Antonio Ramos Soto", on the ground that it is a conclusion of law which is not accompanied by the facts from which it could be deduced. The lower court granted both motions,

citing as authority therefor *Ex parte Sánchez,* 28 P.R.R. 129, and giving the plaintiffs ten days to amend their complaint. When the plaintiffs failed to amend, the district court, on motion of the defendants, entered judgment for the latter. The plaintiffs have appealed from that judgment.

■ An examination of *Ex Parte Sánchez, supra,* reveals that it is distinguishable from the instant case. The *Sánchez* case was an *ex parte* proceeding for a declaration of heirship brought under a special statute which particularizes the necessary elements which must be established to obtain such a declaration. (§552, Code of Civil Procedure). It was in the light of those requirements that this court said in the *Sánchez* case at p. 130 that the allegation that petitioners "as the legitimate brothers and sisters of Felipe Sánchez Mercado, were his sole intestate heirs is a conclusion of law and the petitioner should have set up in his petition facts whereby the court could arrive at that conclusion. These facts were that Felipe Sánchez Mercado had died intestate and unmarried; that his ascendants had predeceased him; that he left no natural children, and that his nearest relatives are his legitimate brothers and sisters named in the petition. These facts being proved, the court would have reached the conclusion of law that the legitimate brothers and sisters of Felipe Sánchez Mercado were his sole and universal intestate heirs".

Moreover, it should also be noted that the decision in the *Sánchez* case was not rested solely on the alleged deficiency in pleading. The lower court conducted a hearing in spite of the defective petition and held that (p. 130) "neither the petition sets up nor has it been proved by any kind of evidence that Felipe Sánchez Mercado at the time of his death had legitimate or natural children, or that Tomás Sánchez and Ignacia Mercado, parents of the deceased, and his other ascendants were dead". In affirming the judgment, this

court therefore put its decision on the additional ground (p. 131) that "As there was no such proof, it cannot be held that the evidence supplied the deficiency of the allegations of the original petition".

In contrast, here we have a plenary adversary proceeding in which the plaintiffs are claiming title to three farms. The theory of their case is that they are the only and universal heirs of their predecessor in interest, from whom they trace title to the farms. Since this is not, as in the *Sánchez* case, a suit in which they are endeavoring to obtain a declaration of heirship, they are not compelled to follow §552 of the Code of Civil Procedure setting up in detail the requisites necessary to show their heirship. The only requirement herein is that, as in all ordinary cases, the complaint set up facts sufficient to state a cause of action. And in alleging such facts, there is no requirement that the plaintiffs need plead all or any part of their evidence, or all the preliminary or intermediate facts leading to the ultimate fact. It is sufficient to plead the ultimate fact or facts entitling them to the relief prayed for. It may be that at times, as in the instant case, the ultimate fact or facts will also be a conclusion of law, thus becoming a mixed question of fact and of law. This, however, does not change the "cardinal principle in pleading that ultimate and not probative facts must be averred". (1 Bancroft's Code Pleading, §21, p. 52).

In the ordinary case a general averment of ownership as found herein is a sufficient allegation of ultimate fact, and a claimant is not required to plead the evidentiary facts in support thereof. 1 Bancroft, *supra,* §48, p. 100; *Idem,* Ten Year Supplement, §48, p. 30. It goes without saying that if such a pleading, although technically stating a cause of action, does not give the opposing party sufficient detail to reply or to prepare a defense, such information may be obtained by a bill of particulars or other appropriate measures.

The judgment of the district court will be reversed, and the case remanded for further proceedings not inconsistent with this opinion.